Dear Mr. LeBlanc:
This office is in receipt of your recent opinion request in which you ask the following question:
 May an Alderman use the city postage meter to mail a letter containing allegations about another elected official(s), unsupported by information or facts, to a select group of his constituents?
You then ask us to consider the issue from different angles: 1) the ethical nature of the situation and 2) the legality of the situation. In response to the first aspect, the Attorney General's office is not permitted to issue opinions concerning ethics. Please direct such questions to the Board of Ethics for Elected Officials, 7434 Perkins Road, Baton Rouge, LA 70808, (504) 922-1400.
In regard to the second aspect of your question, LSA-R.S. 18:1465
(A) and LSA-Const. Art. XI, § 4 (1974) provide in pertinent part:
 A. No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
Although the aforementioned law pertains to elections, it is applicable to your question due to the expansion of the legal standard of Art. XI, § 4 by another constitutional provision. Under LSA-Const. Art. VII, § 14 (1974) any use of public funds not mandated by law is illegal and barred by such. Louisiana Attorney General Opinion 90-126A has previously stated:
Finally, another constitutional provision justifies the extension of the legal standard of Art. XI, § 4 to the general course of business by all governmental entities, state, local and parochial, including state boards, commissions and districts. La. Const. Art. VII, § 14 (1974) characterizes as illegally gratuitous those expenditures of public funds which are not mandated by a legal obligation or subsumed by legal duty. (Emphasis added.)
The use of the postage meter falls under the "general course of business", and as such, the general rule then bars the questioned use of the postage meter. One must then determine whether the letter issued falls under the exception provided in LSA-R.S.18:1465, which allows for the use of public funds when supported by the dissemination of factual information. The exception has been determined to mean "the line between legality and illegality is that between advocacy of only one side of the public issue through use of public funds and the neutral statement of facts pertinent to all sides of an issue and presented without bias." (La. Atty. Gen. Op. 90-126A)
With regard to your question, a determination must be made concerning the purpose of the letter. If its purpose was advocacy, the use of the postage meter in its issuance is barred by law, but if it was merely a neutral statement used to inform the public, the use of the postage meter in its issuance would be valid. However, Attorney General opinions are restricted to questions of law. The determination of the intent of the party issuing the letter and the facts involved goes beyond the power of this office and are more suitable for determination by a court of competent jurisdiction.
In conclusion, the law clearly prohibits the use of public funds for any informative publications other than those that disseminate purely factual, unbiased information to the general public. The use of the city postage meter in the issuance of the letter in question then becomes a factual matter to be determined in a court of law.
Enclosed herein for your information and review is Attorney General Opinion 90-126A which fully discusses the prohibition and exception for the use of public funds in the above quoted law. Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ___________________________
 ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/ang/pb
cc: Hon. John M. Mamoulides, Jefferson Parish District Attorney Date Received:
Date Released: June 24, 1996
Angie Rogers LaPlace Assistant Attorney General